UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ST. PAUL TRAVELERS
INSURANCE COMPANY

VS. C.A.NO: [redacted] 05 400 T

TWIN CITY FIRE INSURANCE
COMPANY and FIRST STATE
MANAGEMENT GROUP, INC.

**COMPLAINT**

I. PARTIES

1. The Plaintiff, St. Paul Travelers Insurance Company ("St. Paul") is a duly incorporated Minnesota insurance company licensed to conduct and transact the business of insurance in the State of Rhode Island. St. Paul is the successor in interest to St. Paul Fire and Marine Insurance Company ("St. Paul")

2. The Defendant, Twin City Fire Insurance Company ("Twin City") is a duly incorporated Indiana insurance company licensed to conduct and transact the business of insurance in the State of Rhode Island with a principal office at Hartford Plaza, Hartford, CT. At all times material hereto, Twin City acted through its subsidiary, First State Management Group, Inc., which acted as claims administrator for Twin City.

3. The Defendant, First State Management Group, Inc. ("First State") is a duly incorporated Delaware company licensed to conduct and transact the business of insurance in the State of Rhode Island with a principal office at 150 Federal Street, Boston, MA. It acted as claims administrator for Twin City.

4. At all times material hereto, Twin City acted through it subsidiary, First State Management Group, Inc., which acted as claims administrator for Twin City. As such, Twin City and First State will be collectively referred to herein as "Twin City".

II. JURISDICTION

5. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332 because there is complete diversity of citizenship and the matter in dispute is in excess of $75,000.00.

III. FACTUAL ALLEGATIONS

6. On or about June 5, 1985, Joseph Obert ("Obert") was driving a U-Haul rental truck on a highway in Rhode Island. Obert was involved in an accident which left one highway construction worker dead, and another, Joseph Fratus ("Fratus"), injured.

7. Joseph J. Fratus, Stephanie Fratus and Carissa Fratus (hereinafter jointly referred to as "the Fratuses") filed suit against Obert and others in U.S. District Court for the District of Rhode Island in a civil action entitled, Joseph J. Fratus, et al v. U-Haul, et al, Civil Action No. 87-0364B (hereinafter "Tort Action").

8. Jeffrey Schreck ("Shreck") is an attorney licensed to practice law in the State of Rhode Island and was an employee of the law firm of Medeiros and Sanford, Inc., formerly known as Flanders & Medeiros (hereinafter "F&M") from at least 1987 through on or about July 15, 1994. On or about July 15, 1994, Schreck left F&M and became an employee of the firm of Brown, Rudnick, Freed & Gesmer (hereinafter "BRF&G").

9. Schreck defended Obert in the Tort Action.

10. In December 1988, a jury returned a verdict in favor of the Fratuses for $3.17 million. Judgment entered on December 18, 1988 for $4,490,000 with prejudgment interest. Final Judgment after appeal entered on July 2, 1990.

11. In or about November 1993, while still with F&M, Schreck was retained by the Republic Western Insurance Company (hereinafter "Republic") to represent it with regard to claims and demands asserted against it, through counsel, by the Fratuses. The Fratuses eventually formalized their claims and demands in a civil action entitled, Joseph J. Fratus, et al v. Republic Western Insurance Company, (U.S. District Court for the District of Rhode Island) action no. 94-0385B (hereinafter "Direct Action"). Schreck defended Republic in that action from the time it was brought until June 1997.

12. On or about July 15, 1994, Jeffrey Schreck left the law firm of F&M and obtained employment at BRF&G where he continued to represent Republic in the Direct Action.

13. One of the claims asserted by the Fratuses against Republic in late 1993 and in the Direct Action was that Republic, under the terms of its policy, owed them interest that had accrued on the judgment against its insured in the Tort Action because Republic had never tendered to the Fratuses Republic's policy limits of $25,000 ("Interest Claim").

14. In 1999, Republic filed a professional malpractice action against Schreck and BRF&G in the matter of Republic Western Insurance Company v. Jeffrey Schreck, et al, C.A.No: C99-484-JD (NH), C99-289 (RI) ("First Malpractice Action").

15. The complaint in the First Malpractice Action alleged that beginning on or about November 1993 and continuing until or about July 1997, Republic retained and

employed Schreck to advise Republic regarding its obligations under certain policies of insurance issued to or potentially covering parties to litigation relating to personal injuries sustained by the Fratuses and to represent plaintiff's interests in the Direct Action. The complaint further alleged that Schreck was negligent for, inter alia, failing to advise Republic to tender its $25,000 policy limits when he first undertook to represent Republic regarding the Interest Claim.

16. St. Paul provided a defense to Schreck and BRF&G.

17. On or about January 22, 2002, a second professional malpractice action was brought against Schreck and F&M in the matter of, Joseph Obert v. Republic Claims Service Co. and Pacific Employers Insurance Company; Republic Claims Service Co. v. Jeffrey C. Schreck, et al, C.A.No: CA01-596 ("Second Malpractice Action"). The third party complaint in the Second Malpractice Action raised the same claims as the complaint in the First Malpractice Action.

18. The allegations in the First Malpractice Action and the Second Malpractice Action, particularly, but not exclusively, with regard to the Interest Claim, encompassed the time that Schreck was employed by the law firm of F&M.

19. At all times material thereto, Twin City insured the law firm of F&M and Schreck pursuant to a malpractice insurance policy.

20. Notice of the Second Malpractice Action against Schreck and F&M was timely presented to Twin City. Shortly after it learned of the Second Malpractice Action, Twin City also learned about the First Malpractice Action being defended by St. Paul.

21. On or about August 30, 2003, Republic and Republic Claims Service assigned its claims against Schreck, BRF&G and F&M to Obert, including those asserted in the First Malpractice Action and Second Malpractice Action.

22. Following the assignment of the malpractice claims to Obert, settlement discussions occurred between Obert, St. Paul and Twin City. At first, Obert offered to settle all malpractice claims (the assigned claims and his personal claims) for $1.5 million. Thereafter, Obert offered to dismiss the assigned malpractice claims only (not his personal claims) in exchange for $400,000, which sum was calculated based on the value of the Interest Claim.

23. In addition to releasing all of the assigned malpractice claims in exchange for payment of $400,000, Obert also agreed to a cap on future damages for which Schreck might be liable to Obert based on the outcome of Obert's suit against another insurer, Pacific Employer's Insurance Company ("PEIC").

24. On or about October 22, 2003, Schreck requested in writing that the insurer for F &M contribute toward the settlement.

25. Twin City refused to contribute toward either the $1.5 million settlement or the $400,000 settlement, despite St. Paul's requests that it participate and despite making a number of representations, through counsel, that it would likely contribute $200,000 toward the $400,000 settlement.

26. Twin City never denied coverage to Schreck or F&M for Schreck's acts or omissions while a partner at F&M.

27. Where two insurance policies cover the same risk and one carrier makes payment on a loss, that carrier is entitled to a pro rata contribution from the other carrier.

28. In or about November 2003, St. Paul, on behalf of Schreck, settled for $400,000.00 all assigned claims and obtained a release for all ofthe defendants including Medeiros and Sanford, Inc., formerly known as Flanders & Medeiros. St. Paul also bought a cap on future damages for which Schreck, BRF&G and F&M might be liable contingent upon the outcome of Obert's suit against PEIC.

29. On or about March 9, 2004, Obert's attorney provided notice that PEIC had paid Obert and the Fratuses $990,000. Under the terms of the November 2003 settlement and cap purchased by St. Paul, Obert agreed to provide a complete release to Schreck, BRF&G and F&M in exchange for an additional payment of$1.5 million.

30. Twin City agreed only to contribute $600,000 toward the $1.5 million required to buy a complete release of its insureds. In order to take advantage of the cap, and avoid exposing its insureds to uninsured risk, St. Paul agreed to pay $900,000 for a final and complete settlement with Obert.

31. On or about September 23, 2004, St. Paul paid an additional $900,000 to resolve the claims against Schreck and BRF&G for a total payment, including the previous $400,000, of $1.3 million compared to Twin City' payment of $600,000.

32. Prior to entering into both settlements, St. Paul advised Twin City of the amount of the proposed settlements.

33. Twin City had an opportunity to participate in both settlements.

34. Twin City refused to participate in the 2003 settlement, and failed to participate equally in the 2004 settlement.

35. Twin City is obligated to share, at least equally, in the cost of the settlements and expenses.

36. Twin City has acted in bad faith by refusing to participate in the 2003 settlement and not sharing, at least equally, in the 2004 settlement.

37. Twin City, by virtue of its policy of insurance insuring Jeffrey Schreck

and Flanders & Medeiros, has an obligation to reimburse St. Paul for its contribution to the settlements which benefited Twin City, Jeffrey Schreck and Flanders and Medeiros.

WHEREFORE, St. Paul Travelers demands judgment against the defendants for defendants' share of the settlements paid by St. Paul, together with interest, costs, attorneys' fees and expenses incurred in defending the original action and in prosecuting this claim.

38. The Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through thirty-seven (37).

39. An actual controversy has arisen and now exists relating to legal rights and duties of the Plaintiff and Defendants, and each of them, for which Plaintiff desires a declaration of its rights and indemnification, in that the Plaintiff contends and the Defendants deny that as a result of the settlement, the Defendants are obligated to contribute or fully indemnify the Plaintiff for sums paid as a result of the settlement.

WHEREFORE, St. Paul Travelers demands judgment against the defendants for defendants' share of the settlements paid by St. Paul, together with interest, costs, attorneys' fees and expenses incurred in defending the original action and in prosecuting this claim.

Respectfully submitted

Plaintiff,
By its attorneys,

Ronald Langlois, Esq. #2891
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218

Dated: 9/19/05

The Plaintiff hereby claims a trial by jury.