UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ST. PAUL TRAVELERS INSURANCE COMPANY, Plaintiff | ) | C.A. No. 05-0400/T |
| v. | ) | |
| TWIN CITY FIRE INSURANCE COMPANY AND FIRST STATE MANAGEMENT GROUP, INC., Defendants | ) | |

**ANSWER**

Defendants Twin City Fire Insurance Company ("Twin City") and First State Management Group, Inc. ("First State") respond to the allegations of plaintiff's complaint as follows:

**FIRST DEFENSE**

1 Lack knowledge or information sufficient to form a belief as to the truth of paragraphs 1, 6 and 16.

2 Admit the first sentence of paragraphs 2 and 3 and deny the second sentence of those paragraphs.

3. Deny the allegations of the first sentence of paragraph 4. The second sentence of paragraph 4 contains no factual allegations and therefore requires no response; to the extent that the Court may otherwise construe that sentence, it is denied.

4. The allegations of paragraphs 5, 27 and 39 state conclusions of law for which no response is required; to the extent the Court may otherwise construe these paragraphs, they are denied.

5. Admit the allegations of paragraphs 7, 9, 14 and 26.

6. Answering the allegations of paragraph 8, allege that Jeffrey Schreck is an attorney licensed to practice law in the State of Rhode Island and was an employee of the law firm of Medeiros & Sanford, formerly known as Flanders & Medeiros from at least 1987 through approximately July 1994 and thereafter became an employee of Brown, Rednick, Freed & Gesmer; except as so alleged lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

7. Answering the allegations of paragraph 10, allege that in December, 1988 a jury returned a verdict in favor of the Fratuses for $3.17 million and final judgment entered on or about July 2, 1990; except as so alleged, lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

8. Answering the allegations of paragraph 11, allege that: Schreck was retained by Republic Western Insurance Company ("Republic") to represent it with regard to claims and demands asserted by the Fratuses; an action captioned Joseph Fratus, et al. v. Republic Western Ins. Co., was commenced in the United States District Court for the District of Rhode Island, no. 94-0385/B; and that Schreck defended Republic in that action. Except as so alleged, lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 12, allege that Schreck left the law firm of Flanders & Medeiros in or about July 1994 and later became employed by Brown, Rudnick, Freed & Gesmer; except as so alleged, lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

10. Answering the allegations of paragraph 13, allege that one of the claims asserted by the Fratuses was that Republic owed them interest on the judgment against its

insured in the Tort Action and that the complaint in the matter of Fratus v. Republic Western Insurance Co. otherwise speaks for itself and requires no further comment or characterization by defendants.

11. Answering the allegations of paragraph 15, allege that the complaint in the matter of Republic Western Insurance Company v. Jeffrey Schreck, et al speaks for itself and requires no further comment or characterization by defendants.

12. Answering the allegations of paragraph 17, allege that an action captioned Joseph Obert v. Republic Claims Services Co. and Pacific Employers Insurance Company, Republic Claims Service Co. v. Jeffrey Schreck, et al. was commenced at some time in 2001 and that the complaint and third party complaint in that action speak for themselves and require no further comment or characterization by defendants.

13. Answering the allegations of paragraph 18, allege that the pleadings in the "first" and "second" malpractice actions speak for themselves and require no further comment or characterization by defendants.

14. Deny the allegations of paragraphs 19, 25 and 34 – 37.

15. Deny the allegations of paragraph 20 as to Twin City. Answering the allegations of paragraph 20 as to First State, allege that First State has a June 18, 1999 letter from Medeiros & Sanford to Warburton Insurance, Inc. and a February 25, 2002 fax from AON/Affinity Insurance Agency of New England advising of litigation, the terms of which speak for themselves and require no further comment or characterization by First State; except as so alleged, lack knowledge or information to form a belief as to the remaining allegations of that paragraph.

16. Answering the allegations contained in paragraph 21 as to First State, allege that First State was informed that Republic and Republic Claims Service assigned claims against Schreck and Flanders & Medeiros to Joseph Obert; except as so alleged, First State lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph. Answering the allegations contained in paragraph 21 as to Twin City, it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

17. Answering the allegations of paragraph 22 as to First State, allege that there were settlement discussions following the assignment of malpractice claims to Obert and that First State was informed that there had been a $1.5 million offer by Obert followed by an offer to settle assigned claims; except as so alleged, deny the remaining allegations of that paragraph. Answering the allegations in paragraph 22 as to Twin City, the allegations are denied.

18. Answering the allegations of paragraphs 23 and 28, allege that the settlement agreement and release regarding Republic's assigned malpractice claims speak for themselves and require no further comment or characterization by defendants.

19. Answering the allegations of paragraph 24 as to First State, allege only that First State has a letter dated October 22, 2003 purportedly signed by Schreck concerning a proposed settlement, the terms of which speak for themselves and require no further comment or characterization by First State. Answering the allegations of paragraph 24 as to Twin City, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

20. Answering the allegations in paragraph 29 as to First State, allege that First State was informed that PEIC paid Obert and the Fratuses $990,000 and that the terms of the November, 2003 settlement agreement speak for themselves and require no further comment or characterization by First State. . Answering the allegations of paragraph 29 as to Twin City, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

21. Answering the allegations of paragraph 30 as to Twin City, the allegations are denied. Answering the allegations of paragraph 30 as to First State, deny the first sentence of that paragraph. Answering the allegations of the second sentence as to First State, allege that First State was informed that St. Paul paid $900,000 to Obert to resolve his claims against Schreck and Brown, Rudnick, Freed & Gesmer; except as so alleged deny the remaining allegations of that sentence.

22. Answering the allegations of paragraph 31 as to Twin City, the allegations are denied. Answering the allegations of paragraph 31 as to First State, allege that First State was informed that St. Paul paid $900,000 to resolve claims against Schreck and Brown, Rudnick, Freed & Gesmer; except as so alleged, deny remaining allegations of that paragraph.

23. Answering the allegations of paragraph 32 and 33 as to Twin City, the allegations are denied. Answering the allegations of paragraphs 32 and 33 as to First State, allege that First State received a letter dated October 10, 2003 from Attorney Thomas Angelone concerning a proposed settlement of Obert's claims against Schreck, the terms of which speak for themselves and require no further comment or characterization by First State; except as so alleged, deny remaining allegations of those paragraphs.

24. Repeat and reallege their responses to paragraphs 1 through 37 in response to paragraph 38.

**SECOND DEFENSE**

25. Plaintiff's complaint fails to state a claim against defendants upon which relief can be granted.

**THIRD DEFENSE**

26. Plaintiff's claims are barred by the statute of limitations.

**FOURTH DEFENSE**

27. Plaintiff's claims are barred by settlement agreement and release.

**FIFTH DEFENSE**

28. First State is not a proper party to this action.

**SIXTH DEFENSE**

29. Twin City is not a proper party to this action.

**SEVENTH DEFENSE**

30. Plaintiffs claims are barred by estoppel.

**EIGHTH DEFENSE**

31. Plaintiffs claims are barred by accord and satisfaction.

**NINTH DEFENSE**

32. This District is not a proper venue for this action.

WHEREFORE, defendants Twin City Fire Insurance Company and First State Management Group, Inc. demand judgment dismissing the complaint with prejudice plus costs, fees and such further relief as the Court may deem appropriate.

Brooks R. Magratten, Esq., #3585
Catherine A. Syner, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Date: November 14, 2005

CERTIFICATE OF SERVICE

To:

Ronald Langlois, Esq.
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02908

I hereby certify that I served on the above-named counsel of record a copy of the within Answer by mailing first class mail, postage prepaid, on the 14th day of November, 2005.