UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ST. PAUL TRAVELERS
INSURANCE COMPANY, C.A. No. 05-0400/T
Plaintiff

v.

TWIN CITY FIRE
INSURANCE COMPANY AND
FIRST STATE MANAGEMENT
GROUP, INC.,
Defendants

**NOTICE OF DEPOSITION**
**DIRECTED TO DEFENDANT FIRST STATE MANAGEMENT GROUP, INC.**

| | |
|---|---|
| TO: | Brooks R. Magratten, Esq.<br>Timothy M. Bliss, Esq. |
| DEPONENT: | First State Management Group, Inc. |
| DATE: | Friday, September 15, 2006 |
| TIME: | 10:00 A.M. |
| PLACE OF DEPOSITION: | 10 Weybosset Street<br>Providence, Rhode Island |

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the plaintiff shall take the deposition upon oral examination of the defendant, First State Management Group, Inc., on the matters designated in the Schedule attached hereto on September 15, 2006, at 10:00 A.M. at the offices of Goldenberg & Muri LLP, 10 Weybosset Street, Providence, Rhode Island 02903.

The deposition will be recorded by stenographic means before an officer duly authorized to administer oaths. The deposition will continue from day to day until completed.

Pursuant to Rule 30(b)(6), the defendant is requested to serve, prior to the deposition, a written designation identifying one or more officers, directors, managing agents or other persons who consent to testify on its behalf as to each matter identified. The defendant also is requested to set forth, for each person designated, the particular matter(s) on which that person will testify.

ST. PAUL TRAVELERS
INSURANCE COMPANY
By its attorney,

/s/ Barbara S. Cohen
Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352
Email: bsc@goldenberg-muri.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 31st day of August, 2006, a copy of the within document was electronically filed and is available for viewing and downloading from the Court's Electronic Case Filing system and that a copy of the within document was hand-delivered and emailed to:

Brooks R. Magratten, Esq.
Timothy M. Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

/s/ Barbara S. Cohen

**SCHEDULE TO NOTICE OF DEPOSITION**
**DIRECTED TO FIRST STATE MANAGEMENT GROUP, INC.**

**DEFINITIONS**

1. The word "document" is used in the broad sense and includes any kind of written, printed or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts of both sides thereof and including but not limited to: catalogs, papers, books, notices, graphs, sketches, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, memoranda, notes, drafts of any documents, working papers, margin notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, contracts, agreements, ledgers, journals, books or records of account, summaries of account, balance sheets, income statements, checks (front and back), statistical records, desk or pocket calendars, appointment books (including pocket appointment books), diaries, rough or scratch pad notes, lists, tabulations, summaries, sound recordings, computer printouts, advertisements, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated, and any other documents or writings of whatever description. It includes documents prepared by parties and non-parties and their respective officers, employees, directors, servants, and agents and others acting for or on behalf of any of the foregoing.

"Document" means the original and any nonidentical copy. Handwritten notations of any kind on the original or any copy of a document make it nonidentical.

2. The term "communication" shall mean any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, question, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting, and also including, but not limited to, correspondence, financial records, corporate records, reports and documents.

3. The term "relate(s) to" or any variation thereof (e.g. "relating to" or "related to") shall mean contain, record, discuss, mention, note, reflect, evidence, support, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

4. The term "First Malpractice Action" shall mean the lawsuit to which paragraph 14 of the Complaint refers.

5. The term "Second Malpractice Action" shall mean the lawsuit to which paragraph 17 of the Complaint refers.

6. The term "St. Paul" shall mean the plaintiff, St. Paul Travelers Insurance Company, its attorneys, advisors, consultants, agents, employees, representatives, and/or others acting for or on behalf of the aforesaid persons or entities.

7. The term "Twin City" shall mean the defendant, Twin City Fire Insurance Company, its attorneys, advisors, consultants, agents, employees, representatives, and/or others acting for or on behalf of the aforesaid persons or entities.

8. The term "First State" shall mean the defendant, First State Management Group, Inc., its attorneys, advisors, consultants, agents, employees, representatives, and/or others acting for or on behalf of the aforesaid persons or entities.

9. The term "Defendant" shall mean either Twin City or First State, as may be applicable to the party answering these interrogatories.

10. The term "identify" shall mean:

(a) with respect to a natural person, state his or her full name, residence address(es) and telephone number(s), present or last known employer, business address, job title or position, and duties or business activity; if such person is or was acting for or on behalf of another, also state the person or entity for whom such person is or was acting;

(b) with respect to a document, state the type of document, its date, author and addressee(s), any other characteristics necessary to identify the document, including its present location or custodian, so as to form the basis for a request for production and, as to any document which was, but no longer is, in the possession, custody or control of the defendant, state what disposition was made of it; and

(c) with respect to a communication, state the date of the communication, the type of communication (e.g., telephone conversation, meeting, etc.), the place where the communication occurred, the identity of all persons who participated in the communication and all other persons present at the time of such communication, and the subject matter discussed.

11. The term "person" shall mean any natural person, corporation, association, firm, partnership, government agency or authority, or other business or legal entity, and/or officers, employees, agents, servants, representatives, and attorneys of such entities, as the context requires.

12. The term "the basis for" shall mean as to any allegation, contention or defense to: (a) all facts related to the allegation, contention or defense; (b) all documents related to the allegation, contention or defense; and (iii) the identity of all natural persons with knowledge of

any facts related to the allegation, contention or defense.

**SUBJECTS OF INQUIRY**

1. Each communication between Twin City and any person relating to the settlement of the First Malpractice Action and/or the Second Malpractice Action.

2. Each communication between First State and any person relating to the settlement of the First Malpractice Action and/or the Second Malpractice Action.

3. Each communication between Trumbull Insurance Company and any person relating to the settlement of the First Malpractice Action and/or the Second Malpractice Action.

4. The relationship between First State and Twin City during the period 1999 through 2004.

5. The relationship between First State and Trumbull Insurance Company during the period 1999 through 2004.

6. The basis for each affirmative defense asserted by each Defendant in the Answer.

7. The entity and/or company which insured the law firm of Flanders & Medeiros, its predecessors and/or successors, and Jeffrey Schreck, in connection with the First Malpractice Action and/or the Second Malpractice Action.

7. The sum(s) contributed by First State, Twin City and/or Trumbull Insurance Company to the settlement of the First Malpractice Action.

8. The sum(s) contributed by First State, Twin City and/or Trumbull Insurance Company to the settlement of the Second Malpractice Action.

9. The representations made by or on behalf of First State, Twin City and/or Trumbull Insurance Company to any person in response to request made of or to First State, Twin City and/or Trumbull Insurance Company that each participate in the 2003 settlement of

the malpractice claims assigned to Joseph Obert.

10. The basis for the failure of First State, Twin City and/or Trumbull Insurance Company to participate in the 2003 settlement of the malpractice claims assigned to Joseph Obert.

11. The basis for the failure of First State, Twin City and/or Trumbull Insurance Company to provide a defense to Jeffrey Schreck in connection with the First Malpractice Action.

12. The basis for the failure of First State, Twin City and/or Trumbull Insurance Company to provide indemnification to Jeffrey Schreck in connection with the First Malpractice Action.

13. The sum(s) paid by First State, Twin City and/or Trumbull Insurance Company to the defense of the First Malpractice Action.

14. The sum(s) paid by First State, Twin City and/or Trumbull Insurance Company to the defense of the Second Malpractice Action.

15. The basis for the failure of First State, Twin City and/or Trumbull Insurance Company to participate equally in the 2004 settlement to which paragraph 34 of the Complaint refers.

16. If First State, Twin City and/or Trumbull Insurance Company contends that it is not obligated to share, at least equally, in the settlement and/or defense costs of the First Malpractice Action, the basis for that contention.

17. If First State, Twin City and/or Trumbull Insurance Company contends that it is not obligated to share, at least equally, in the settlement and/or defense costs of the Second Malpractice Action, the basis for that contention.

18. If First State, Twin City and/or Trumbull Insurance Company contends that it has not acted in bad faith by refusing to participate in the 2003 settlement, the basis for that contention.

19. If First State, Twin City and/or Trumbull Insurance Company contends that it has not acted in bad faith by refusing to share equally in the 2004 settlement, the basis for that contention.

20. If First State, Twin City and/or Trumbull Insurance Company contends that it does not have an obligation to reimburse St. Paul, the basis for that contention.