UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ST. PAUL TRAVELERS
INSURANCE COMPANY

Plaintiff,

vs. C. A. No. 05-0400-T

TWIN CITY FIRE INSURANCE
COMPANY and FIRST STATE
MANAGEMENT GROUP, INC.

Defendants.

**ASSENTED-TO PROTECTIVE ORDER**

This matter was presented to the Court by means of a Joint Motion for an Assented-To Protective Order by St. Paul Travelers Insurance Company ("Plaintiff") and Twin City Fire Insurance Company and First State Management Group, Inc. ("Defendants").

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds that good cause has been shown for entry of this Order. Accordingly, it is hereby

Ordered, Adjudged, and Decreed

that:

1.(a) This Assented-To Protective Order shall apply to all documents and information produced or provided by any party to any other party in response to

discovery requests in this lawsuit. Such documents and information are referred to herein as "Litigation Production."

(b) As used herein, "Producing Party" refers to the party which is producing Litigation Production to an opposing side; "Receiving Party" refers to the party which is receiving Litigation Production from an opposing side.

(c) This Assented-To Protective Order shall apply to all Litigation Production in this lawsuit, whether or not the various constituent parts have been separately labeled as confidential by the Producing Party.

2. For the Receiving Party, access to, copying of or dissemination of Litigation Production, or summaries thereof, shall be limited to:

(a) Attorneys representing the parties in this litigation, and their professional, clerical and paralegal staff whose functions require access to such material;

(b) Experts or consultants whose advice and consultation are being or will be used by a party to this litigation in connection with preparation for trial, trial and/or any motions connected to this action and to whose advice and consultation the disclosure of the material is pertinent, provided that each expert or consultant is advised that the material is confidential and subject to this Assented-To Protective Order, and agrees to abide by its terms; and

(c) Those representatives of each party required to have access to such material in order for decisions to be made with regard to this litigation, provided that such

persons are advised that the material is confidential and subject to this Assented-To Protective Order, and agree to abide by its terms.

3. Subject to the provisions of Paragraph 6, below, no part or portion of Litigation Production, or any copies or summaries thereof, shall be published or made public in any way by any Receiving Party and/or any other person to whom they are disclosed pursuant to Paragraph 2, above, and such material shall only be used for purposes of this litigation. However, any Producing Party may use Litigation Production as may be required in the conduct of its business.

4. Within thirty (30) days after the termination of this action, whether by judgment, settlement or otherwise, and after all appeals have been exhausted, all portions of Litigation Production and all copies and summaries thereof shall be returned by the Receiving Party to the Producing Party.

5. This Assented-To Protective Order shall not prevent any party from applying to the Court for further or additional protective orders pursuant to the Federal Rules of Civil Procedure.

6. Nothing in this Assented-To Protective Order shall limit in any way the rights or ability of any party to file appropriate motions, memoranda, or other filings with this Court, or to move, for good cause shown, to amend this Order. However, in the event that any Receiving Party wishes to include in any motion, memorandum or other filing with this Court any information constituting or derived from Litigation Production, then, in accordance with this Court's Local Rule 102(a)(2), that Receiving Party shall provide

sufficient advance notice to the Producing Party in order to give the Producing Party an opportunity to file a motion to seal, if it elects to do so.

7. The voluntary production by any Producing Party in this lawsuit of Litigation Material which is privileged or covered by work-product immunity shall not be deemed to waive any privilege or immunity for other Litigation Material not produced.

8. Filing with the Court of any document or information that is subject to this protective order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of public, or the Court *sua sponte*.

ST. PAUL TRAVELERS
INSURANCE COMPANY

By its attorney,

/s/ Barbara S. Cohen
Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352
Email: bsc@goldenberg-muri.com

TWIN CITY FIRE INSURANCE
COMPANY and FIRST STATE
MANAGEMENT GROUP, INC.
By their attorney,

/s/ Timothy M. Bliss
Brooks R. Magratten (3585)
Timothy M. Bliss (6228)
VETTER & WHITE
20 Washington Street
Providence, RI 02903
Tel: (401) 421-3060
Fax: (401) 272-6803
Email: bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

BY ORDER:

ENTER:

Ernest C. Torres
United States District Judge

Date: 9/5/06